**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| MIGUEL ANGEL TORRES MEDRANO, § § *Petitioner-Plaintiff*, § § v. § KRISTI NOEM, Secretary, U.S. Department § of Homeland Security; U.S. DEPARTMENT § OF HOMELAND SECURITY; Todd Lyons, § Acting Director of ICE; Pamela BONDI, U.S. § Attorney General; Joshua D. Johnson, Field § Office Director of Enforcement and Removal § Operations, Dallas Field Office, Immigration § and Customs Enforcement, § § *Respondents-Defendants*. § | | Civil Action No. 3:25-CV-03495-E-BN |

## ORDER

Before the Court Petitioner-Plaintiff Miguel Angel Torres Medrano (Medrano)'s Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Detention (ECF No. 1) and corresponding Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2). Medrano alleges he has been unlawfully civilly detained and placed into a removal proceeding as of December 3, 2025. (ECF No. 1 at 16-18). In pertinent part, Medrano alleges:

> 24. On or about February 10, 2022, his U.S. citizen wife filed a Petition for Family Relative (Form I-130) on Mr. Torres Medrano's behalf based on their marriage which was approved on February 16, 2023. Shortly thereafter, Mr. Torres Medrano filed a Provisional Unlawful Presence Waiver (Form I-601A) which was approved on August 20, 2025. This would allow Mr. Torres Medrano to return to Mexico for an immigrant visa interview which would ultimately lead to obtaining lawful permanent residency in the U.S. In order to qualify and be approved, Mr. Torres Medrano demonstrated that his U.S. citizen wife, Silvia, would suffer extreme hardship if he were not granted the waiver. Since his immigration family petition and waiver were approved he was just waiting for an appointment to be provided for a final interview for lawful permanent status.

> 25. However, on December 3, 2025, Mr. Torres Medrano was five minutes away from his home when he was stopped and arrested in Dallas County, Texas by DHS officials. Mr. Torres Medrano does not have a criminal record.
>
> 26. On that same day, December 3, 2025, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA) in Dallas, Texas, initiating removal proceedings under 8 U.S.C. § 1229a against him. The NTA alleges that Mr. Torres Medrano is not a U.S. citizen and is present in the United States without having been admitted or paroled. In accordance with these facts, he is charged as being subject to removal from the U.S. pursuant to section 8 U.S.C. § 1182(a)(6)(A)(i).

(ECF No. 1 at 18). As to his injunctive remedy, Medrano requests the following relief:

> Mr. Torres Medrano seeks injunctive relief to maintain the status quo by requiring ICE to either immediately release him or promptly provide him with a bond hearing before a neutral [immigration judge]. As stated above (repeatedly), the list of district courts that have recently concluded the government's new position is plainly incorrect is a long one that is growing by the day.
> [. . . .]
> For the foregoing reasons, Mr. Torres Medrano respectfully requests that the Court immediately grant his petition and this motion and issue a Temporary Restraining Order and/or Preliminary Injunction ordering his immediate release from ICE custody, or in the alternative a prompt bond hearing at which the government bears the burden of demonstrating flight or safety risk by clear and convincing evidence.

(ECF No. 2 at 26-27). The Court, (i) as a part of its inherent docket control powers[1] and (ii) to ensure the prompt consideration of Petitioner-Plaintiff Medrano's requested relief, enters the following orders.

**IT IS ORDERED THAT:**

1. Respondents-Defendants—KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Todd Lyons, Acting Director of ICE; Pamela BONDI, U.S. Attorney General; Joshua D. Johnson, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and

---

[1] The Fifth Circuit has further recognized the Court's inherent power "to control its own "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995).

Customs Enforcement—**or any officer, agent, servant, employee, attorney, or representative acting on behalf of Respondents-Defendants SHALL NOT take any further action or steps to physically deport or remove Petitioner-Plaintiff Miguel Angel Torres Medrano from the United States to another country, territory, or foreign territory, or to circumvent the provisions of this Order until <u>January 26, 2026</u>, when the Court anticipates ruling on the pending Emergency Application for Temporary Restraining Order and the underlying Petition.**

2. Respondents-Defendants shall file a notice of appearance in this action by **<u>December 29, 2025</u>**;

3. Pursuant to Federal Rule of Civil Procedure 65(b)(1), by **<u>December 29, 2025</u>**, Petitioner-Plaintiff Medrano must file a supplement to his TRO that (i) clearly shows the immediate and irreparable injury, loss, or damage will result before Respondents-Defendants can be heard in opposition;[2] and (ii) includes a written certification from counsel of any efforts made to give notice to Respondents-Defendants and the reasons why such notice should not be required; and

4. Counsel for Petitioner-Plaintiff Medrano is DIRECTED to notify the United States Attorney for the Northern District of Texas of his lawsuit and of this Order. Further, Petitioner-Plaintiff shall file a notice on the docket of this case explaining how he complied with providing notice.

(*Signature page follows*).

---

[2] The Court notes Petitioner-Plaintiff has not sought for ex-parte relief and has not verified his Petition or injunctive relief appendix.

**SO ORDERED.**

22nd day of December, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE